| | |
|---|---|
| UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK | Index No. |
| WALTER MONZANO-MORENO<br><br>Plaintiff,<br><br>- Against -<br><br>LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) and ANTHONY STRIANESE,<br><br>Defendant. | **COMPLAINT**<br>**FLSA COLLECTIVE ACTION**<br><br>**(TRIAL BY JURY DEMANDED)** |

Plaintiff(s) on behalf of Plaintiff and others similarly situated, by and through his attorney, THE LAW OFFICE OF GREGORY A. GOODMAN P.C., complaining of Defendant(s), alleges the following:

## NATURE OF THE ACTION

1. This is a civil action brought by Plaintiff(s) and all similarly situated construction laborers to recover unpaid overtime compensation and earned wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and the collective class work or have worked at LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING), controlled, managed and operated by ANTHONY STRIANESE, respectively (collectively herein the "Individual Defendants").

2. Plaintiff(s) brings this action on behalf of Plaintiff(s) and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING), which its Principal Executive Office are located at 50 Kean Street, West Babylon, New York, 11704.

3. Plaintiff(s) and the FLSA collective also bring this action under the Wage Theft Protection Act, for Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiff(s) and the FLSA collective class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages and earned wages, and liquidated damages, compensatory damages, prejudgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

*Plaintiff*

8. WALTER MONZANO-MORENO is an adult individual residing at 58 Twinlawns Avenue, Hicksville, NY 11801.

9. WALTER MONZANO-MORENO worked at the (Defendant's Business) from on or about November 2015- October, 2017.

10. WALTER MONZANO-MORENO worked primarily as a construction laborer at LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING).

11. WALTER MONZANO-MORENO was a covered employee within the meaning of the FLSA and the NYLL.

*Defendants*

12. Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) is a New York corporation with its principal place of business and Principal Executive Office located at 50 Kean Street, West Babylon, New York, 11704.

13. At all times relevant to this action, Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

14. On information and belief, Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) Inc. has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

15. On information and belief, for approximately the last 40 years, Defendant ANTHONY STRIANESE has owned, managed, maintained, controlled and/or and oversaw the direction of Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) Inc.

16. Defendant (individually) ANTHONY STRIANESE is a person engaged in business in Nassau and Suffolk County who is sued individually in his capacity as an owner, officer, and agent of Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) Inc.

17. Defendant ANTHONY STRIANESE (individually) exercised sufficient control over this corporate entity to be considered Plaintiff's employer under the FLSA and the NYLL, and at

all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) Inc.

## COLLECTIVE ACTION ALLEGATIONS

18. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of Plaintiff(s) and other similarly situated persons who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

19. The FLSA Collective consists of numerous similarly situated current and former (type of worker) at the (Defendant 1) who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

20. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy and/or policy includes, inter alia, the following:

   (a) Failing to pay employee(s) the applicable overtime rate for all time worked in excess of forty (40) hours per week;

   (b) Failing to keep accurate records of hours worked by employee(s) as required by the FLSA and NYLL.

21. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

22. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employee(s) are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employee(s) should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

23. The positions of construction worker and/or laborer, respectively, are not exempt and have never been exempt. Auto body workers and mechanics, though, are not paid overtime for all hours worked in excess of forty (40) hours per week.

24. The FLSA and NYLL require that employers pay all employees at least one and one half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

25. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

26. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and any anything otherwise required by law.

27. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay;

the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

## FACTS

**Libqual Fence Co., Inc. (D/B/A Liberty Fence & Railing)**

28. Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) is a New York corporation with its principal place of business and Principal Executive Office located at 50 Kean Street, West Babylon, New York, 11704.

29. Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) is a construction company that, *inter alia*, constructs repairs and replaces and specializes in residential and commercial fence and railing installations.

30. Upon information and belief, Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) is open Monday through Saturday.

**Plaintiff's Employment at Libqual Fence Co., Inc. (D/B/A Liberty Fence & Railing)**

31. As previously noted, Plaintiff worked at the Fencing Company from on or about November 2015 to October 2017.

32. An employee of Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) interviewed and hired Plaintiff at Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) located at 50 Kean Street, West Babylon, New York, 11704.

33. After being hired, Plaintiff worked primarily at Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING).

34. While working at Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) Plaintiff(s) was/were managed directly by an employee(s) of Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING).

35. As a construction worker and/or laborer for Defendants, Plaintiff would transport materials, construct, install, replace and repair fencing and railings for Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING).

**Plaintiff's Work Schedule at Libqual Fence Co., Inc. (D/B/A Liberty Fence & Railing)**

36. Throughout his employment, Plaintiff worked 6 days a week on behalf of Defendants.

37. Plaintiff started work at 7:00 a.m. each day Monday through Saturday, and would work until at least 7:30 p.m.

38. Plaintiff did not receive any meal breaks for each day.

39. On Monday, Tuesday, Wednesday, Thursday, Friday and Saturday, Plaintiff worked at least 12.5 hours per day.

**Plaintiff's Salary at Libqual Fence Co., Inc. (D/B/A Liberty Fence & Railing)**

40. Throughout Plaintiff's employment with Defendants, he received a per diem rate of $120.00 per day.

41. Throughout Plaintiff's employment with Defendants, each week he was not paid time and one half for all work performed after 40 hours.

42. Upon information and belief, the hours Plaintiff worked at Libqual Fence Co., Inc. (D/B/A Liberty Fence & Railing) were often omitted from his paystub entirely.

**Defendants' Violations of the Wage Theft Protection Act**

43. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

44. Throughout the relevant time period, Defendants paid Plaintiff's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

45. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act-Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective Plaintiffs)**

46. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

47. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective Plaintiffs.

48. Plaintiff and the FLSA Collective Plaintiffs worked in excess of forty hours during some workweeks in the relevant period.

49. Defendants willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the appropriate overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations.

50. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

51. Because Defendants' violations of the FLSA have been willful, a three year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

52. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

### SECOND CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime
### (Brought on behalf of Plaintiff)

53. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

54. Defendants failed to pay Plaintiff the proper overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

55. Defendants failed to pay Plaintiff one and one-half times the full minimum wage for all work in excess of forty hours per workweek.

56. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours works worked in excess of forty hours per workweek, Defendants have willfully violated the

NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

57. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
### (Brought on behalf of Plaintiff)

58. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

59. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

60. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations.

61. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workweek before December 29, 2014 and

fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

### FOURTH CAUSE OF ACTION
### New York Labor Law-Failure to Provide Wage Statements
### (Brought on behalf of Plaintiff)

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

64. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

65. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five

thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## JURY DEMAND

66. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of an order and judgment against the Defendants, LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) and ANTHONY STRIANESE, jointly and severally, as follows:

a) (a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b) Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of this action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of this action;

c) Penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

   d) Penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

   e) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

   f) For prejudgment interest on the foregoing amounts;

   g) For the costs and disbursements of this action, including attorneys' fees; and

   h) For such other further and different relief as this Court deems just and proper.

Dated: January 10, 2018

/S/ Gregory Goodman

**THE LAW OFFICE OF GREGORY A. GOODMAN P.C.**
By: Gregory A. Goodman, Esq.
Attorneys for the Plaintiff
380 North Broadway, Suite 203
Jericho, New York 11753
Tel:  (516) 597-5840 *New
Tel:  (631) 656-8180
Fax: (866) 415-1019
ggoodman@gganylaw.com
**File No.: WH-2009 (Monzano)**

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

Index No.

WALTER MONZANO-MORENO

Plaintiff,

- Against -

LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) and ANTHONY STRIANESE

Defendant.

PURSUANT TO SECTION 130-1 OF THE RULES OF THE CHIEF ADMINISTRATOR (22 NYCRR) I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF, FORMED AFTER AN INQUIRY REASONABLE UNDER THE CIRCUMSTANCES, THE WITHIN SUMMONS AND VERIFIED COMPLAINT ARE NOT FRIVOLOUS

_____
By: Gregory A. Goodman, Esq.

Notice Pursuant to CPLR 2103(5) declining service by electronic transmittal

**SUMMONS AND COMPLAINT**

**THE LAW OFFICE OF GREGORY A. GOODMAN P.C.**
Attorneys for the Plaintiff
380 North Broadway, Suite 203
Jericho, New York 11753
Tel: (516) 597-5840 *New
Tel: (631) 656-8180
Fax: (866) 415-1019
**File No.: WH-2009 (Monzano)**

To:

Attorney for defendant

Service of a copy of the within SUMMONS AND COMPLAINT is hereby admitted.

Dated:

_____
Attorney for Defendant

**File No.: WH-2009 (Monzano)**