UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WALTER MONZANO-MORENO, FERNANDO
REYES, and others similarly situated,

                              Plaintiffs,

            - against -

LIBQUAL FENCE CO., INC. (d/b/a LIBERTY
FENCE & RAILING), ANTHONY STRIANESE,
DIMA CANALES, and DIMA C. FENCE, INC.,

                              Defendants.
------------------------------------------------------------X

**MEMORANDUM
AND ORDER**

CV 18-161 (MKB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

     Plaintiffs Walter Monzano-Moreno ("Monzano") and Fernando Reyes ("Reyes") (collectively, "Plaintiffs") commenced this putative collective action against Defendants Libqual Fence Co., Inc., d/b/a Liberty Fence & Railing ("Libqual"), Dima Fence C. Fence, Inc. ("Dima Fence"), Anthony Strianese ("Strianese"), and Dima Canales ("Canales") (collectively, "Defendants") for violations of various provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *See generally* Amended Complaint ("Am. Compl.") [DE 16]. Plaintiffs seek to recover for Defendants' alleged failure to pay overtime and regular wages, Defendants' retaliation in not re-hiring Plaintiffs and other violations of applicable law. *See id*. Plaintiffs now move for conditional certification as a collective action and for court-authorized notice, pursuant to § 216(b) of the FLSA. *See* Plaintiffs' Memorandum in Support of their Motion for Conditional Certification as a Collective Action ("Pls.' Mem.") [DE 24-1].

     Defendants Libqual and Strianese oppose the motion arguing, among other things, that Plaintiffs were never employed by the Libqual Defendants and that Plaintiffs are not "similarly

situated" to any Libqual employees. *See* Defendants' Memorandum in Opposition to Plaintiffs' Motion for Conditional Certification ("Defs.' Opp'n.") [DE 34]. For the reasons set forth below, Plaintiffs' motion is DENIED, without prejudice.

## II. BACKGROUND

### A. Pertinent Facts

The following facts asserted by Plaintiffs are taken from the Amended Complaint which was filed on April 4, 2018. Defendants Libqual and Dima Fence are each New York corporations which construct, repair, replace, and specialize in residential and commercial fence and railing installations. *See* Am. Compl. ¶¶ 40-44. For approximately the past 40 years, Defendant Strianese has owned, managed, maintained and overseen operations at Libqual. *Id*. ¶ 21. Defendant Canales has owned, managed, maintained, controlled and overseen operations at Dima Fence for approximately the past ten years. *Id*. ¶ 27.

According to the Amended Complaint, Plaintiff Monzano worked for Libqual from November 2015 to October 2017 as a construction worker and laborer. *Id*. ¶¶ 46, 51. He would transport materials, and construct, install, replace and repair fencing and railings. *Id*. ¶ 51. While working for Libqual, Monzano was directly managed by Strianese. *Id*. ¶ 49. During that time, Monzano wore a shirt and hat with the Libqual Fence Co., Inc. logo on them and utilized tools from Libqual Fence Co., Inc. *Id*. ¶ 50. Monzano also worked as a laborer for Dima Fence from about May 2015 to November 2017 and did the same type of work which he performed for Libqual. *Id*. ¶¶ 53, 57. While working for Dima Fence, Monzano was managed directly by Defendant Strianese. At the direction of Strianese and with the permission of Canales, Monzano wore a shirt and hat with the Libqual Fence Co., Inc. logo and utilized tools from Libqual. *Id*. ¶¶ 55-56. At Dima Fence, Canales took direction from Strianese with respect to Monzano's employment. *Id*. ¶ 59. While working for both Libqual and Dima Fence, Monzano worked six

days a week, Monday through Saturday, from 7 a.m. until at least 8 p.m. *Id*. ¶¶ 60-61. He was not paid time and one-half for hours worked over 40, and instead was paid a per diem rate of $130.00. *Id*. ¶¶ 64-65. Monzano was paid in cash and did not receive pay stubs, a wage notice, or wage statements. *Id*. ¶¶ 66, 72-73.

Plaintiff Reyes worked for Libqual from April 2016 to November 2016 as a construction worker and laborer. Am. Compl. ¶¶ 74-79. Like Monzano, Reyes would transport materials, and construct, install, replace and repair fencing and railings. *Id*. ¶ 79. At Libqual, Reyes wore a shirt and hat with the Libqual Fence Co., Inc. logo, utilized tools from Libqual, and took direction from Strianese. *Id*. ¶ 78. Reyes also worked for Dima Fence from April 2016 to November 2016, where he did the same type of work which he performed for Libqual. *Id*. ¶¶ 81, 85. At Dima Fence, Reyes also wore a shirt and hat with the Libqual Fence Co., Inc. logo, utilized tools from Libqual, and took direction from Strianese. *Id*. ¶ 84. Reyes worked the same schedule for Libqual and Dima Fence as Monzano, namely, Monday through Saturday, from 7 a.m. to 8 p.m. *Id*. ¶¶ 88-91. He was not paid time and one-half for hours worked over 40, and instead was paid a per diem rate of $130.00. *Id*. ¶¶ 92-93. Reyes was paid in cash and did not receive paystubs, a wage notice, or wage statements. *Id*. ¶ 94.

**B.      Relevant Procedural Background**

Plaintiffs filed the initial complaint in this action on January 10, 2018. *See* DE 1. On February 3, 2018, they filed an initial motion to conditionally certify the action as a collective action under the FLSA. *See* DE 10. Counsel for the parties appeared before the undersigned for the Initial Conference on March 28, 2018. *See* DE 22-23. Plaintiffs filed their Amended Complaint on April 4, 2018, *see* DE 16, and, as a result, voluntarily withdrew their initial motion for conditional certification under Section 216(b). *See* DE 20. On April 24, Defendants Libqual and Strianese filed their Answer to the Amended Complaint. *See* DE 21. The Clerk of the Court

noted the default of Defendants Dima Fence and Canales on June 14, 2018. *See* DE 26. The defaults were vacated on consent on June 27, 2018. *See* DE 30. Defendants Dima Fence and Canales subsequently filed their Answer to the Amended Complaint on June 29, 2018. *See* DE 31. The instant motion for conditional certification was fully briefed by the parties as of August 31, 2018. *See* DE 24, 34, 35.

**III.   APPLICABLE LAW**

The FLSA provides, in pertinent part, as follows:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Section 216(b) provides an employee with a private right of action to recover overtime compensation and/or minimum wages. *Id.*; *Cabrera v. Stephens*, No. 16-CV-3234, 2017 WL 4326511, at *4 (E.D.N.Y. Sept. 28, 2017) ("The FLSA provides a private right of action to recover unpaid overtime compensation and/or minimum wages.") (citation omitted); *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 57 (E.D.N.Y. 2011) (citing 29 U.S.C. § 216(b)); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 103 (S.D.N.Y. 2003) (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997); *Garriga v. Blonder Builders Inc.*, CV 17-497, 2018 WL 4861394, at *2 (E.D.N.Y. Sept. 28, 2018)). "Although the FLSA does not contain a class certification requirement, such orders are often referred to in terms of 'certifying a class.'" *Bifulco v. Mortgage Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009)

4

(quoting *Parks v. Dick's Sporting Goods, Inc.*, No. 05 Civ. 6590, 2007 WL 913927, at *3 (W.D.N.Y. Mar. 23, 2007)).

Courts within the Second Circuit apply a two-step analysis to determine whether an action should be certified as an FLSA collective action. *See Myers v. Hertz Corp.*, 624 F.3d 537, 544-45 (2d Cir. 2010) (noting that district courts within this Circuit have "coalesced around a two-step method" for analyzing collective action certification); *see also Keawsri v. Ramen-Ya Inc.*, No. 17-CV-2406, 2018 WL 279756, at *5 (S.D.N.Y. Jan. 2, 2018) (citing *Myers*, 624 F.3d 544-45); *Bijoux v. Amerigroup New York, LLC*, No. 14-CV-3891, 2015 WL 4505835, at *2 (E.D.N.Y. July 23, 2015) (citing the same), *report and recommendation adopted* by 2015 WL 5444944 (E.D.N.Y. Sept. 15, 2015). First, the court determines whether the proposed collective members are "similarly situated." *Puglisi v. TD Bank, N.A.*, 998 F. Supp. 2d 95, 99 (E.D.N.Y. 2014) (quoting *Kalloo v. Unlimited Mech. Co. of NY, Inc.*, 908 F. Supp. 2d 344, 346 (E.D.N.Y. 2012)); *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012) (quoting *Myers*, 624 F.3d at 555). If the court decides in the affirmative, then the proposed collective members must consent in writing to be bound by the result of the suit, or "opt-in." *McGlone*, 867 F. Supp. 2d at 442 (citing *Cunningham v. Elec. Data Sys. Corp*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010)); *see* 29 U.S.C. § 216(b). The second step, which typically occurs after the completion of discovery, requires the court to make factual findings whether the class members are actually similarly situated. *Rosario v. Valentine Ave. Discount Store, Co.*, 828 F. Supp. 2d 508, 514 (E.D.N.Y. 2011) (quoting *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)); *Sharma v. Burberry Ltd.*, 52 F. Supp.3d 443, 451 (E.D.N.Y. 2014); *Thornburn v. Door Pro America*, CV 16-3839, 2018 WL 1413455, at *5 (E.D.N.Y. Mar. 20, 2018). "At that juncture, the court examines the evidentiary record to determine whether the 'opt-in' plaintiffs

are, in fact, similarly situated to the named plaintiff." *Bifulco*, 262 F.R.D. at 212 (quoting *Hens v. ClientLogic Operating Corp.*, No. 05-381S, 2006 WL 2795620, at *4 (W.D.N.Y. Sept. 26, 2006)).

The instant motion concerns only the first step – whether the proposed opt-in members are "similarly situated" such that conditional certification should be granted. At this stage, "the evidentiary standard is lenient," *Bifulco*, 262 F.R.D. at 212 (quoting *Rubery v. Buth-Na-Bodhaige, Inc.*, 569 F. Supp. 2d 334, 336 (W.D.N.Y. Aug. 8, 2008)), and plaintiffs need only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers*, 624 F.3d at 555 (quoting *Hoffmann*, 982 F. Supp. at 261); *see, e.g.*, *Doucoure v. Matlyn Food, Inc.*, 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008); *Perez v. Allstate Ins. Co.*, No. 11-CV-1812, 2014 WL 4635745, at *5 (E.D.N.Y. Sept. 16, 2014); *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 552 (S.D.N.Y. 2013); *Cano v. Four M Food Corp.*, No. 08-CV-3005, 2009 WL 5710143, at *3 (E.D.N.Y. Feb 3, 2009). "[T]he key question for the similarly situated inquiry is not whether plaintiff's job duties are identical to other potential opt-in plaintiffs, but rather, whether the proposed plaintiffs are similarly situated ... with respect to their allegations that the law has been violated." *Knox v. John Varvatos Enterprises Inc.*, 282 F. Supp. 3d 644, 656 (S.D.N.Y. 2017) (internal quotations and citations omitted). Therefore, when "plaintiffs attest that they regularly worked in excess of [ ] 40 hours per week and worked evenings, early mornings, and weekends without being properly paid.... [s]uch attestations ... are sufficient for the purposes of [conditional certification]." *Bifulco*, 262 F.R.D. at 214 (internal citation omitted); *Agonath v. Interstate Home Loans Ctr., Inc.*, 17-CV-5267, 2019 WL 1060627, at *2 (E.D.N.Y. Mar. 6, 2019). In making this showing, 'nothing more than substantial allegations that the putative class members

6

were together the victims of a single decision, policy or plan' is required." *Sexton v. Franklin First Fin., Ltd.*, No. 08-CV-4950, 2009 WL 1706535, at *3 (E.D.N.Y. June 16, 2009) (quoting *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005)). Moreover, courts have repeatedly stated that Section 216(b)'s "similarly situated" requirement is "considerably less stringent" than the requirements for class certification under Federal Rule of Civil Procedure 23, and "that a party seeking to maintain a collective action need not meet the requirements of Rule 23 for class certification." *Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 481 (E.D.N.Y. 2001) (collecting cases); *see Dilonez v. Fox Linen Serv., Inc.*, 35 F. Supp. 3d 247, 252 (E.D.N.Y. 2014) (citing *Puglisi*, 998 F. Supp. 2d at 98–99, at *2; Fed. R. Civ. P. 23) (stating that a collective action under the FLSA "is different than a typical class action under the Federal Rules of Civil Procedure, the strict requirements of which – numerosity, commonality, typicality, and adequate representation – do not apply to a collective action").

At the initial certification stage, courts do not require proof of an actual FLSA violation but rather require the existence of a "'factual nexus' [ ] between the plaintiff's situation and the situation of other potential plaintiffs." *Sobczak v. AWL Indus., Inc.*, 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) (quoting *Wraga v. Marble Lite, Inc.*, No. 05-CV-5038, 2006 WL 2443554, at *1 (E.D.N.Y. Aug. 22, 2006)); *see Fa Ting Wang v. Empire State Auto Corp.*, No. 14-CV-1491, 2015 WL 4603117, at *6 (E.D.N.Y. 2015); *see also Calderon v. King Umberto, Inc.*, 892 F. Supp. 2d 456, 459 (E.D.N.Y. 2012) (citing *Jackson v. N.Y. Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995)). This determination is typically based on the pleadings, affidavits, and declarations submitted by the plaintiff or plaintiffs. *See generally Fa Ting Wang*, 2015 WL 4603117, at *5-6 (citing *Kalloo v. Unlimited Mech. Co. of N.Y., Inc.*, 908 F. Supp. 2d 344, 346 (E.D.N.Y. 2012); *Brabham v. Mega Tempering & Glass Corp.*, No. 13 Civ. 54, 2013 WL

3357722, at *3 (E.D.N.Y. July 3, 2013)); *see also Robles v. Liberty Rest. Supply Corp.*, No. 12-CV-5021, 2013 WL 6684954, at *5 (E.D.N.Y. Dec. 18, 2013) (citing the same).

Significantly, "[a]lthough plaintiff's 'burden of proof is low, it is not non-existent — certification is not automatic.'" *Elamrani v. Henry Limousine, Ltd.*, No. CV 15-2050, 2016 WL 5477590, at *4 (E.D.N.Y. Sept. 28, 2016) (quoting *Sanchez v. JMP Ventures, L.L.C.*, 2014 WL 465542, at *1 (S.D.N.Y. 2014)). As the Second Circuit has explained, "[t]he 'modest factual showing' cannot be satisfied simply by 'unsupported assertions.'" *Myers*, 624 F.3d at 555 (quoting *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991)); *see Morales v. Plantworks, Inc.*, No. 05-CV-2349, 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) (quoting Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, 7B Federal Practice and Procedure: Civil 3d § 1807, at 487-53 (2005)) (stating that "conclusory allegations are not enough" to meet the "modest factual showing" at the first stage of collective action certification).

## IV. DISCUSSION

Plaintiffs argue generally that they have met the low threshold for conditional certification as a collective action. *See generally* Pls.' Mem. They state that "[t]he declaration of Walter Monzano-Moreno and the Complaint demonstrate that [Defendants] subjected Plaintiff and other laborers to the same unlawful wage practices. Walter Monzano-Moreno names three co-workers, Fernando Reyes, Walter Zelaya, Naun Doe and Dennis Cannales who were also not paid time and one-half for all work performed after 40 hours. These employees will benefit from prompt Court-authorized notice." *Id*. at 6-7. In support of their motion, Plaintiffs submit the declaration of Plaintiff Monzano. That declaration states in full as follows:

> 1. I worked at LIBQUAL FENCE CO. INC., (d/b/a LIBERTY FENCE & RAILING) from May of 2015 to November of 2017. I worked as construction worker and/or laborer.

8

2. The owners, managers and controllers of Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) are ANTHONY STRIANESE. To the best of my knowledge, they are still the owners, manager and controllers.

3. The LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) and ANTHONY STRIANESE are located at 775 Mecham Avenue, Elmont, New York 11003. I would load the company's vehicle/truck with supplies and equipment at this location, and would deliver the supplies and equipment off-site to the requisite locations for installation.

4. Throughout employment at construction worker and/or laborer, I worked as follows: Monday through Saturday 13 hours a day, for a total of 78 hours per week. For the months of January and February, I would not work at all.

5. Each day, I never had lunch or a one hour meal break for lunch.

6. LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) and ANTHONY STRIANESE do not have an accurate tracking hour system of their staff. In other words, we (the staff) were not required to "clock in" or "clock out" each day through any form of electronic time track keeping system.

7. Throughout my employment with LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) and ANTHONY STRIANESE, I was paid a daily rate of $130.00 per diem.

8. Throughout my employment with LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) and ANTHONY STRIANESE, each week I was not paid time and one-half for all work performed over 40 hours. I worked in excess of forty (40) hours per week except for the months of January and February.

9. Throughout my employment with LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) and ANTHONY STRIANESE, the overtime was always intentionally omitted from my received payments.

10. Throughout my employment with LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) and ANTHONY STRIANESE, I was not paid any overtime.

  11. Many other employees of LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) and ANTHONY STRIANESE, who performed similar job duties as me and worked similar hours also were not paid time and one-half for all work performed after 40 hours.

  12. For instance, Fernando Reyes, Walter Zelaya, Naun (last name unknown) and Dennis Canales, are construction workers and/or laborers, at LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) and ANTHONY STRIANESE and were not paid time and one-half for all overtime worked. They also worked in excess of forty (40) hours per week for approximately $130.00 per a day of work. They were not paid time and one-half for work over 40 hours per week.

  13. This document was translated orally in Spanish for me.

Declaration of Walter Monzano-Moreno ("Monzano Decl.") [DE 24-1], annexed to the Declaration of Gregory Goodman, Esq. in Support of Motion for Conditional Certification ("Goodman Decl.") [DE 24].

  Defendants Libqual and Strianese make two primary arguments in opposition to the motion: (1) neither Plaintiff was ever employed by Libqual and as such they could not be "similarly situated" with other Libqual employees, *see* Defs.' Opp'n. at 1-5; Affidavit of Anthony Strianese, Libqual President, in Opposition to Plaintiff's Motion for Conditional Certification ("Strianese Aff.") [DE 34-1], annexed as Ex. 1 to Defs.' Opp'n; and (2) Plaintiffs have failed to make the "modest factual showing" necessary to be granted conditional certification. *See* Defs.' Opp'n at 5-7. Defendants' first argument is essentially a challenge to the merits of Plaintiffs' claims, and as such can readily be resolved. *See Perkins v. S. New England Tel. Co.*, 669 F. Supp. 2d 212, 219 (D. Conn. 2009) (explaining that "[a]t the certification stage, a court need not judge the merits of the plaintiffs' claims because they are irrelevant to the collective action inquiry"). "The court 'does not resolve factual disputes, decide

ultimate issues on the merits, or make credibility determinations'" at the conditional certification stage. *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 67 (E.D.N.Y 2016) (quoting *Indergit v. Rite Aid Corp.*, Nos. 08 CIV 9361, 08 CIV 11364, 2010 WL 2465488, at *4 (S.D.N.Y. June 16, 2010) (internal citation omitted)). Therefore, in deciding this motion, the Court will not consider the factual dispute raised by Defendants that Plaintiffs were never employed by Libqual.

The sufficiency of Plaintiffs' factual allegations as to the "similarly situated" standard, however, presents a more compelling argument. Plaintiffs point to the allegations in the Amended Complaint and the Monzano Declaration in arguing that they have made the modest factual showing necessary to obtain conditional certification as an FLSA collective action. The Court respectfully disagrees. Looking to the Amended Complaint with respect to the "similarly situated" test, the Court notes that the only facts asserted by the Plaintiffs are as follows: (1) Plaintiff Monzano was hired by an unidentified Libqual employee in November 2015; (2) Monzano was managed directly by Defendant Anthony Strianese during his employment which ended in October 2017; (3) Monzano worked as a construction worker and/or laborer constructing, installing, replacing and repairing fencing and railings for Libqual and Dima Fence; (4) Strianese directed Monzano's hours, means and mode of working; (5) Monzano worked six days a week from Monday through Saturday, starting at 7 a.m. and working until at least 8 p.m., totaling at least 13 hours per day; (6) Monzano did not receive any meal breaks each day; (7) throughout his employment, Monzano was paid a flat per diem rate of $130 and was paid in cash. Am. Compl. ¶¶ 47-66. These same staid allegations are duplicated from the Amended Complaint with respect to Plaintiff Reyes. The only difference is the dates of employment. Am. Compl. ¶¶ 74-94. Further, Plaintiffs' only mention of other employees in the Amended Complaint appears under the "COLLECTIVE ACTION ALLEGATIONS" heading. *See* Am.

11

Compl. ¶¶ 30-39.  These allegations refer to other employees only in an abstract and conclusory fashion.  For example, the Amended Complaint states that "Plaintiffs and other similarly situated current and former construction workers, fence installers, laborers and manual workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages."  Am. Compl. ¶ 31.  Nowhere in the pleading are there any particularized facts to fill in the bare-bones assertion that a potential collective exists.

      Plaintiff Monzano's declaration is similarly deficient.  It sets forth the same allegations as found in the Amended Complaint, with the only difference being a change from a third-person narrative to a first-person narrative for the bulk of the declaration.  The sum of the declaration's assertions as to other members of a potential collective consists of the statements that "we (the staff) were not required to 'clock in' or 'clock out,'" Monzano Decl. ¶ 6, and "[m]any other employees" of Defendants "who performed similar job duties as me and worked similar hours also were not paid time and one-half."  *Id*. ¶ 11.  Monzano also lists the names of four other individuals who were purportedly not paid overtime.  *Id*. ¶ 12.  One of the presumed co-workers referenced is Fernando Reyes, a named Plaintiff in this action.  *Id*.  The Court points out that no affidavit or declaration was submitted from Plaintiff Reyes.

      Significantly, Monzano's declaration, like the Amended Complaint, is totally silent as to how – whether through conversations or observations – Monzano came to know the information to which he is attesting.  As a result, the Court does not know where, when or how these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed collective as well as the notice process.  Instead, the Court is left with a list of generalized allegations that have been molded into a declaration which simply

12

tracks the Amended Complaint. "When plaintiffs base their assertions regarding similarly situated employees upon their own observations and conversations with other employees, courts have required details about these observations and conversations, such as where and when they occurred and the names of the employees involved." *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 481-82 (S.D.N.Y. 2016); *Taveras v. D & J Real Estate Mgmt. II, LLC*, 324 F.R.D. 39, 45 (S.D.N.Y. 2018) ("Courts in this Circuit often restrict the scope of a proposed collective or deny conditional certification because of a failure to identify other co-workers by name and title, provide the specifics of conversations with those employees, or note details of other employees' working conditions and hours.").

As noted above, certification is not automatic. Even at the conditional certification stage, a plaintiff's burden under § 216(b) "cannot be satisfied simply by unsupported assertions." *Myers,* 624 F.3d at 555 (internal quotation marks omitted); *Sanchez*, 2014 WL 465542, at *1. Here, Plaintiff has not provided any details as to even a single observation or conversation. As the court observed in *Sanchez*, "[t]hese are precisely the kind of unsupported assertions and conclusory allegations that courts in this District have found to be insufficient to conditionally certify a class under § 216(b)." *Sanchez*, 2014 WL 465542, at *2. Monzano offers no information adequate to show that the four individuals referred to in ¶ 12 of his declaration were, along with him, subjected to a common, unlawful compensation policy. Rather, what Monzano offers is two sentences in his declaration stating that these men worked in excess of 40 hours per week and were not paid overtime, but instead received $130.00 per day. This is simply not sufficient. *See Zeledon v. Dimi Gyro LLC*, 15 CV 7301, 2016 WL 6561404, at *11 (S.D.N.Y. Oct. 13, 2016) (finding that the single sentence in plaintiff's affidavit stating that certain deliverymen "were paid approximately $5.65 per hour and rarely, if ever, worked above forty

13

hours per week" was insufficient to show they were subjected to a common unlawful compensation policy). Monzano's attempt to broaden his spartan factual allegations beyond himself and Reyes as the existing Plaintiffs is not sufficiently specific to make the requisite showing. *See Bondi v New Rochelle Hotel Assoc.*, 17 CV 5681, 2018 WL 7246962, at *10 (S.D.N.Y. Dec. 7, 2018), *report and recommendation adopted,* 17-CV-5681, 2019 WL 464821 (S.D.N.Y. Feb. 6, 2019).

For the foregoing reasons, Plaintiffs' motion for conditional certification pursuant to 29 U.S.C. § 216(b) is DENIED, without prejudice.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for conditional certification as an FLSA collective action pursuant to Section 216(b) is DENIED, without prejudice.

This case is set down for a discovery conference on April 24, 2019 at 11:30 a.m. in Courtroom 910. Counsel are directed to provide the Court by April 18, 2019 with a bullet list of discovery tasks that still need to be completed in this case.

**SO ORDERED.**

Dated: Central Islip, New York
March 25, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

14