UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF NEW YORK

_____

**Case #: 2:18-cv-0161 (AJD)(AKT)**

WALTER MONZANO-MORENO, FERNANDO
REYES,

                      Plaintiff,

**SECOND AMENDED COMPLAINT**

- Against -

LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE
& RAILING) and   ANTHONY STRIANESE, DIMA
CANALES, DIMA C. FENCE, INC., ESTUARDO
JUAREZ,

                      Defendant.

_____

       Plaintiff(s) on behalf of Plaintiff Monzano and Reyes, by and through his attorney, THE

LAW OFFICE OF GREGORY A. GOODMAN P.C., complaining of Defendant(s), alleges the

following:

## NATURE OF THE ACTION

       1.     This is a civil action brought by Plaintiff(s) to recover unpaid overtime

compensation and earned wages under the Fair Labor Standards Act ("FLSA"), New York Labor

Law ("NYLL") and the Freelance Isn't Free.

       2.     Plaintiff and the currently work or formerly worked at LIBQUAL FENCE CO.,

INC. (d/b/a LIBERTY FENCE & RAILING),  controlled, managed and operated by ANTHONY

STRIANESE, ESTUARDO JUAREZ, respectively (collectively herein the  "Individual

Defendants").

       3.     Plaintiff currently work or formerly worked DIMA C. FENCE, INC. (d/b/a DIMA

FENCE),  controlled,  managed  and  operated  by  DIMA  C.  CANALES,  ANTHONY

STRIANESE, ESTUARDO JUAREZ, respectively (collectively herein the "Individual Defendants").

4.      Plaintiff(s) brings this action to remedy violations of the wage-and-hour provisions of the FLSA that occurred at LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) with its Principal Executive Office located at 50 Kean Street, West Babylon, New York, 11704, and DIMA FENCE, with its Principal Executive Office, located at 711 Station Avenue, Baldwin, NY 11510,

5.      Plaintiff(s) bring this action under the Wage Theft Protection Act, for Defendants' failure to provide written notice of wage rates in violation of said laws.

6.      Plaintiff(s) bring this action under the New York Spread of Hours Regulation for Defendants' failure to provide written notice of wage rates in violation of said laws.

7.      Plaintiff(s) seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages and earned wages, and liquidated damages, compensatory damages, prejudgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

8.      Plaintiff(s) also bring this action under NYC ADC § 20-929 for work that Plaintiffs' performed within the City of New York, for which Plaintiffs were not properly paid.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337

10.     This Court has supplemental jurisdiction over the New York state law claims, New York City Administrative Code claims and under the principles of pendent and ancillary jurisdiction.

11.     Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

*Plaintiff*

12.     WALTER MONZANO-MORENO is an adult individual residing at 58 Twinlawns Avenue, Hicksville, NY 11801.

13.     WALTER MONZANO-MORENO worked at the Defendants' Business from on or about November 2015- October, 2017.

14.     WALTER MONZANO-MORENO worked primarily as a construction workers, fence installers, laborers and manual workers at LIBQUAL FENCE CO., INC. and DIMAS FENCE.

15.     WALTER MONZANO-MORENO was a covered employee within the meaning of the FLSA and the NYLL.

16.     FERNANDO REYES, is an adult indovodual residing at 89 twin laws avenue Hicksville, NY 11801.

17.     FERNANDO REYES worked at the Defendants' Business from on or about April 2016 to November 2016.

18.     FERNANDO REYES worked primarily as a construction workers, fence installers, laborers and manual workers at LIBQUAL FENCE CO., INC. and DIMAS FENCE.

19.     FERNANDO REYES was a covered employee within the meaning of the FLSA and the NYLL.

*Defendants*

**Libqual Fence Co., Strianese and Estuardo Juarez**

20.     Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) is a New York corporation with its principal place of business and Principal Executive Office located at 50 Kean Street, West Babylon, New York, 11704.

21.     At all times relevant to this action, Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

22.     On information and belief, Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) Inc. has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

23.     On information and belief, for approximately the last 40 years, Defendant ANTHONY STRIANESE has owned, managed, maintained, controlled and/or and oversaw the direction of Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) Inc.

24.     Defendant (individually) ANTHONY STRIANESE is a person engaged in business in Nassau and Suffolk County who is sued individually in his capacity as an owner, officer, and agent of Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) Inc.

25.     Defendant ANTHONY STRIANESE (individually) exercised sufficient control over this corporate entity to be considered Plaintiff's employer under the FLSA and the NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and

established and maintained policies regarding the pay practices at LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) Inc.

26.     Defendant (individually) ESTUARDO JUAREZ is a person engaged in business in Nassau and Suffolk County who is sued individually in his capacity as an owner, officer, and agent of Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) Inc.

27.     Defendant ESTUARDO JUAREZ (individually) exercised sufficient control over this corporate entity to be considered Plaintiff's employer under the FLSA and the NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) Inc.

**Dima Fence Inc.**

28.     Defendant DIMA FENCE, INC. is a New York corporation with its principal place of business and Principal Executive Office located at 711 Station Avenue, Baldwin, NY 11510.

29.     At all times relevant to this action, Defendant DIMA FENCE, INC. was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

30.     On information and belief, Defendant DIMA FENCE, INC. has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

31.     On information and belief, for over ten (10) years, Defendant DIMA CANALES has owned, managed, maintained, controlled and/or and oversaw the direction of Defendant DIMAA FENCE, INC.

32.     Defendant (individually) DIMA CANALES is a person engaged in business in Nassau and Suffolk County who is sued individually in his capacity as an owner, officer, and agent of Defendant DIMA FENCE, INC.

33.     Defendant DIMA FENCE, INC. (individually) exercised sufficient control over this corporate entity to be considered Plaintiff's employer under the FLSA and the NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at DIMA FENCE, INC.

## FURTHER ALLEGATIONS

34.     The claims in this Complaint arising out of the FLSA are brought by Plaintiff

35.     The matter involves Plaintiffs who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

36.     As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff by engaging in a pattern and/or policy of violating the FLSA. This policy and/or policy includes, inter alia, the following:

(a) Failing to pay employee(s) the applicable overtime rate for all time worked in excess of forty (40) hours per week;

(b) Failing to pay employees(s) the applicable minimum wage for all time worked

(c) Failing to keep accurate records of hours worked by employee(s) as required by the FLSA and NYLL.

37.     Defendants have engaged in their unlawful conduct pursuant to corporate policies of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff.

38.     The positions of workers, fence installers, laborers and manual workers, respectively, are not exempt and have never been exempt  The positions of workers, fence installers, laborers and manual workers,  are not paid overtime for all hours worked in excess of forty (40) hours per week.

39.     The FLSA and NYLL require that employers pay all employees at least one and one half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

40.     The Work Isn't Free Act disallows a business entity to avoid the constricts of the New York Labor Law through classifying employees as  independent contractors.

41.     Defendants failed to compensate at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

42.     Plaintiff were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and any anything otherwise required by law.

43.     Defendants paid Plaintiff wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

## <u>FACTS</u>

### <u>Libqual Fence Co., Inc. (D/B/A Liberty Fence & Railing)</u>

44.     Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) is a New York corporation with its principal place of business and Principal Executive Office located at 50 Kean Street, West Babylon, New York, 11704.

45.     Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) is a construction company that, *inter alia*, constructs, repairs and replaces and specializes in residential and commercial fence and railing installations.

46.     Upon information and belief, Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) is open Monday through Saturday.

### <u>Dima Fence Inc.</u>

47.     Defendant DIMA FENCE, INC. is a New York corporation with its principal place of business and Principal Executive Office located at 711 Station Avenue, Baldwin, New York 11510.

48.     Defendant DIMA FENCE, INC. is a construction company that, *inter alia*, constructs, repairs and replaces and specializes in residential and commercial fence and railing installations.

49.     Upon information and belief, Defendant DIMA FENCE, INC.  is open Monday through Saturday.

### A.  <u>Plaintiff Monzano</u>

#### <u>Plaintiff Monzano's Employment at Libqual Fence Co., Inc. (D/B/A Liberty Fence & Railing)</u>

50.     As previously noted, Plaintiff Monzano worked at Libqual Fence Co., from on or about November 2015 to October 2017.

51.     An employee of Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) interviewed and hired Plaintiff Monzano at Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) located at 50 Kean Street, West Babylon, New York, 11704.

52.     After being hired, Plaintiff Monzano worked primarily at Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING).

53.     While working at Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) Plaintiff Monzano was/were managed directly by Anthony Strianese and Estuardo Juarez.

54.     While working, Plaintiff Monzano wore a shirt with the Libqual Fence Co, Inc. logo on it, wore a hat with the Libqual Fence Co, Inc. logo on it, utilized tools from Libqual Fence Co, and took direction from Anthony Strianese and Estuardo Juarez in performing tasks as it relates to workers, fence installers, laborers and manual workers.

55.     Plaintiff Monzano as a construction worker and/or laborer would transport materials, construct, install, replace and repair fencing and railings for Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING).

56.     Defendant Anthony Strianese and Estuardo Juarez directed the hours, means and mode of working as to Plaintiff Monzano.

### Plaintiff's Monzano's Employment at Dima C. Fence, Inc.

57.     As previously noted, Plaintiff Monzano worked at Dima C. Fence, Inc. from on or about May 2015  through November 2017.

58.     Plaintiff Monzano was employed both at Dima C. Fence, Inc. and Libqual Fence, Inc.

59.     While working at Defendant Dima C. Fence, Inc., Plaintiff Monzano was/were managed directly by Defendant Anthony Strianese and Estuardo Juarez.

60.     While working, Plaintiff Monzano at the direction of Anthony Strianese and Estuardo Juarez, and with permission of Dimas Canales wore a shirt with the Libqual Fence Co, Inc. logo on it, wore a hat with the Libqual Fence Co, Inc. logo on it, utilized tools from Libqual Fence Co, and took direction from Anthony Strianese and Estuardo Juarez in performing tasks related to his employment.

61.     Plaintiff Monzano would transport materials, construct, install, replace and repair fencing and railings for Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) at the direction of Anthony Strianese and Estuardo Juarez.

62.     Defendant Anthony Strianese and Estuardo Juarez directed the hours, means and mode of working.

63.     Defendant Dima Canales took direction from Defendant Anthon Strianese and Estuardo Juarez in the hiring and employment of Plaintiff Moreno.

**Plaintiff's Monzano's Work Schedule at Libqual Fence Co., Inc. (D/B/A Liberty Fence & Railing) and Dima C. Fence, Co,**

64.     Throughout his employment, Plaintiff Monzano worked 6 days a week on behalf of and at the direction of Defendants.

65.     Plaintiff Monzano started work at 7:00 a.m. each day Monday through Saturday, and would work until at least 8:00 p.m.

66.     Plaintiff Monzano did not receive any meal breaks for each day.

67.     On Monday, Tuesday, Wednesday, Thursday, Friday and Saturday, Plaintiff worked at least 13.0 hours per day.

68.     Throughout Plaintiff Monzano's employment with Defendants, he received a per diem rate of $130.00 per day.

69.     Throughout Plaintiff Monzano's employment with Defendants, each week he was not paid time and one half for all work performed after 40 hours.

70.     Plaintiff Monzano was paid in cash.  Payment was made from Defendant Libqual Fence Co., Inc. (D/B/A Liberty Fence & Railing) and Defendant Dimas Fence, Inc.  There was no paystub, and the hours were omitted.

**Retaliation**

71.     Plaintiff Monzano is currently ready, willing and able to work for Defendants.

72.     Plaintiff Monzano, however voiced his concerns about Defendant Libqual Fence's and Defendant Dima C. Fence Inc., violation of the New York State and Federal Labor Laws.

73.     Because of the Plaintiff Monzano's complaints to Defendants, Plaintiff Monzano was not re-hired to perform work for Defendant Libqual Fence Co., Inc. and Defendant Dima C. Fence, Inc.

74.     The sole reason and/or motivating factor for Defendant Libqual Fence Co., Inc. and Defendant Dima C. Fence, Inc. not re-hiring Plaintiff Monzano was due to the filing of this lawsuit.

**Defendants' Violations of the Wage Theft Protection Act**

75.     The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

76.     Throughout the relevant time period, Defendants paid Plaintiff's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours

worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

77.     Plaintiff Monzano was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**B. Plaintiff Fernando Reyes**

**Plaintiff's Reyes' Employment at Libqual Fence Co., Inc. (D/B/A Liberty Fence & Railing)**

78.     As previously noted, Plaintiff Reyes worked at Libqual Fence Co., from on or about April 2016 through November 2016.

79.     An employee of Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) interviewed and hired Plaintiff Reyes at Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) located at 50 Kean Street, West Babylon, New York, 11704.

80.     After being hired, Plaintiff Reyes worked primarily at Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING).

81.     While working at Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) Plaintiff Reyes was/were managed directly by Anthony Strianese and Estuardo Juarez.

82.     While working, Plaintiff Reyes wore a shirt with the Libqual Fence Co, Inc. logo on it, wore a hat with the Libqual Fence Co, Inc. logo on it, utilized tools from Libqual Fence Co, and took direction from Anthony Strianese and Estuardo Juarez in performing tasks related to the employment.

83.     Plaintiff Reyes, as a construction worker and/or laborer, would transport materials, construct, install, replace and repair fencing and railings for Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING).

84.     Defendant Anthony Strianese directed the hours, means and mode of working as to Plaintiff Monzano.

### Plaintiff's Reyes' Employment at Dima C. Fence, Inc.

85.     As previously noted, Plaintiff Reyes worked at Dima C. Fence, Inc. from on or about April 2016 through November 2016.

86.     Plaintiff Reyes was employed both at Dima C. Fence, Inc. and Libqual Fence, Inc.

87.     While working at Defendant Dima C. Fence, Inc., Plaintiff Reyes was/were managed directly by Defendant Anthony Strianese and Estuardo Juarez.

88.     While working, Plaintiff Reyes at the direction of Anthony Strianese and with permission of Dimas Canales wore a shirt with the Libqual Fence Co, Inc. logo on it, wore a hat with the Libqual Fence Co, Inc. logo on it, utilized tools from Libqual Fence Co, and took direction from Anthony Strianese and Estuardo Juarez in performing tasks related to the employment

89.     Plaintiff Reyes would transport materials, construct, install, replace and repair fencing and railings for Defendant LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) at the direction of Anthony Strianese and Estuardo Juarez.

90.     Defendant Anthony Strianese and Estuardo Juarez. directed the hours, means and mode of working.

91.     Defendant Dima Canales took direction from Defendant Anthon Strianese and Estuardo Juarez in the hiring and employment of Plaintiff Reyes.

**Plaintiff Reyes' Work Schedule at Libqual Fence Co., Inc. (D/B/A Liberty Fence & Railing) and Dima C. Fence, Co,**

92.     Throughout his employment, Plaintiff Reyes worked 6 days a week on behalf and at the direction of Defendants.

93.     Plaintiff Reyes started work at 7:00 a.m. each day Monday through Saturday, and would work until at least 8:00 p.m.

94.     Plaintiff Reyes did not receive any meal breaks for each day.

95.     On Monday, Tuesday, Wednesday, Thursday, Friday and Saturday, Plaintiff Reyes worked at least 13.0 hours per day.

96.     Throughout Plaintiff Reyes' employment with Defendants, he received a per diem rate of $120.00 per day.

97.     Throughout Plaintiff Reyes' employment with Defendants, each week he was not paid time and one half for all work performed after 40 hours.

98.     Plaintiff Reyes was paid in cash.  Payment was made from Defendant Libqual Fence Co., Inc. (D/B/A Liberty Fence & Railing) and Defendant Dimas Fence, Inc.  There was no paystub, and the hours worked were not provided on a pay stub.

**Retaliation**

99.     Plaintiff Reyes is currently ready, willing and able to work for Defendants.

100.     Plaintiff Reyes, however. voiced his concerns about Defendant Libqual Fence's and Defendant Dima C. Fence Inc., violation of the New York State and Federal Labor Laws.

101.    Because of the Plaintiff Reyes' complaints to Defendants, Plaintiff Reyes was not re-hired to perform work for Defendant Libqual Fence Co., Inc. and Defendant Dima C. Fence, Inc.

102.    The sole reason and/or motivating factor for Defendant Libqual Fence Co., Inc. and Defendant Dima C. Fence, Inc. not re-hiring Plaintiff Reyes was due to the filing of this lawsuit.

**Defendants' Violations of the Wage Theft Protection Act**

103.    The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

104.    Throughout the relevant time period, Defendants paid Plaintiff Reyes' wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

105.    Plaintiff Reyes was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act-Overtime Wages**
**(Brought on behalf of Plaintiffs against all Defendants)**

106.    Plaintiffs, on behalf of himself, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

107.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect.  Plaintiffs worked in excess of forty hours during some workweeks in the relevant period.

108.     Defendants willfully failed to pay Plaintiffs the appropriate overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations.

109.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

110.     Because Defendants' violations of the FLSA have been willful, a three year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

111.     As a result of Defendants' willful violations of the FLSA, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime
### (Brought on behalf of Plaintiffs against all Defendants)

112.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

113.     Defendants failed to pay Plaintiffs the proper overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

114.     Defendants failed to pay Plaintiffs one and one-half times the full minimum wage for all work in excess of forty hours per workweek.

115.     Through their knowing or intentional failure to pay Plaintiffs overtime wages for hours works worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

116.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**
**<u>(Brought on behalf of Plaintiffs against all Defendants</u>)**

117.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

118.     Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

119.     Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Relations.

120.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs are entitled to statutory penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

## FOURTH CAUSE OF ACTION
### New York Labor Law-Failure to Provide Wage Statements
### <u>(Brought on behalf of Plaintiffs against all Defendants)</u>

121.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

122.     Defendants have willfully failed to supply Plaintiffs with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

123.     Through their knowing or intentional failure to provide Plaintiffs with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

124.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs are entitled to statutory penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## FIFTH CAUSE OF ACTION
### New York Labor Law: Unlawful Retaliation in Violation of NYLL 215(1)(a)
### (Brought on behalf of Plaintiffs against all Defendants)

125.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

126.     Pursuant to NYLL § 215(1)(a), "[n]o employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company shall discharge, penalize, or in any other manner discriminate or retaliate against any employee because (i) because such employee has made a complaint to his or her employer…that the employer has violated any provision of this chapter…"

127.    Defendants violated the NYLL by terminating Plaintiff's employment when he complained that he was not properly being paid for overtime work.

128.    As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiff has suffered and continues to suffer monetary damages, including, but not limited to, a loss of income, including past salary and future salary.

129.    As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, the Plaintiff has suffered, and continues to

suffer, non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

130.     By the foregoing reasons, Plaintiff seeks equitable relief as may be appropriate to serve the purposes of the anti-retaliation provision, including but not limited to an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
### New York Labor Law: Failure to Pay Spread of Hours Pay
### (Brought on behalf of Plaintiffs against all Defendants)

131.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

132.     The applicable wage regulation (22 NYCRR § 142-2.4) states as follows: "An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours."

133.     Defendants have willfully failed to pay Plaintiff ne hour's pay at the basic minimum hourly wage rate for each day that Plaintiff worked in excess of 10 hours per day

134.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### NYC Administrative Code 20-929 - Freelance isn't Free Act
### (Brought on Behalf of all Defendants)

135.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

136.     That in the any event Plaintiffs are not classified as employees of Defendants and work was performed within the geographic boundary of New York City, then Plaintiffs would be considered a freelance worker as that term is defined in NYC ADC 20-927.

137.     That the work that each contractor performs is in excess of  $800.00, and none of the Defendants ever gave to Plaintiffs a written contract for the work that was performed.

138.     That Plaintiffs' worked in excess of 40 hours per week for jobs within the boundary of New York City.

139.     Defendants failed to pay Plaintiffs the proper overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

140.     Defendants failed to pay Plaintiffs one and one-half times the full minimum wage for all work in excess of forty hours per workweek.

141.     Through their knowing or intentional failure to pay Plaintiffs overtime wages for hours works worked in excess of forty hours per workweek and failure to pay proper spread of hours time, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

142.     That through failing to abide by the Freelance isn't Free act, Plaintiffs have sustained damages accordingly.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the entry of an order and judgment against the Defendants, LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING),  ANTHONY

STRIANESE, ESTUARDO JUAREZ, DIMA CANALES, DIMA C. FENCE, INC., ,jointly and severally, as follows:

a) Damages for the unpaid overtime wages due Plaintiffs, in an amount to be determined at the trial of this action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of this action;

b) Penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each workday after December 29, 2014 that Defendants failed to provide with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

c) Penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred fifty dollars for each workday after December 29, 2014 that Defendants failed to provide Plaintiffs with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

d) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

e) Awarding damages to Plaintiffs pursuant to NYLL 215(1)(a), due to relation that occurred in the within matter;

f) Award Damages for the unpaid overtime wages due to Plaintiff, in an amount to be determined at the trial of this action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of this action;

g) Awarding damages as a result of Defendant's failure to pay spread or hour pay pursuant to 12 NYCRR § 142-2.4;

h) Awarding Damages for the unpaid overtime wages  and spread or hours pay due to Plaintiff in accordance with the Freelance isn't free act;

i) For prejudgment interest on the foregoing amounts;

j)  For the costs and disbursements of this action, including attorneys' fees; and

k)  For such other further and different relief as this Court deems just and proper.

Dated: July 24, 2019

/S/ Jason Tenenbaum

**THE LAW OFFICE OF GREGORY A. GOODMAN P.C.**
By: Gregory A. Goodman, Esq.
Attorneys for the Plaintiff
380 North Broadway, Suite 203
Jericho, New York 11753
Tel:  (516) 597-5840 *New
Tel: (631) 656-8180
Fax: (866) 415-1019
ggoodman@gganylaw.com
**File No.: WH-2009 (Monzano)**

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

WALTER MONZANO-MORENO, FERNANDO REYES, and other similarly situated current and former construction workers, fence installers, laborers and manual workers,

Case No: 2:18-cv-0161 (AJD)(AKT)

Plaintiff,

- Against -

LIBQUAL FENCE CO., INC. (d/b/a LIBERTY FENCE & RAILING) and  ANTHONY STRIANESE, DIMA CANALES, DIMA C. FENCE, INC.,

Defendant.

PURSUANT TO SECTION 130-1 OF THE RULES OF THE CHIEF ADMINISTRATOR (22 NYCRR) I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF, FORMED AFTER AN INQUIRY REASONABLE UNDER THE CIRCUMSTANCES, THE WITHIN SUMMONS AND VERIFIED COMPLAINT ARE NOT FRIVOLOUS

s/ Jason Tenenbaum, Esq.

_____

By: Jason Tenenbaum, Esq.

Notice Pursuant to CPLR 2103(5) declining service by electronic transmittal

## SECOND AMENDED SUMMONS AND COMPLAINT

**THE LAW OFFICE OF GREGORY A. GOODMAN P.C.**
Attorneys for the Plaintiff
380 North Broadway, Suite 203
Jericho, New York 11753
Tel:  (516) 597-5840 *New
Tel:  (631) 656-8180
Fax: (866) 415-1019
**File No.: WH-2009 (Monzano)**

To:

Attorney for defendant

Service of a copy of the within SUMMONS AND COMPLAINT is hereby admitted.

Dated:

_____
Attorney for Defendant