UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

WALTER MONZANO-MORENO, FERNANDO
REYES, *and other similarly situated current and
former construction workers, fence installers,
laborers, and manual workers*,

                Plaintiffs,

          v.

LIBQUAL FENCE, *doing business as Liberty
Fence & Railing*, ANTHONY STRIANESE, and
ESTUARDO JUAREZ,

                Defendants.

**ORDER**
18-CV-161 (MKB) (AKT)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Walter Monzano-Moreno and Fernando Reyes, on behalf of a putative class of similarly situated individuals, commenced the above-captioned action against Defendants Libqual Fence, doing business as Liberty Fence & Railing ("Libqual Fence"), and Anthony Strianese on January 10, 2018. (Compl., Docket Entry No. 1; Am. Compl., Docket Entry No. 16.) Plaintiffs subsequently amended their pleadings twice, ultimately asserting claims against Defendants Libqual Fence, Strianese, Dima Canales, Dima C. Fence, Inc., and Estuardo Juarez for failure to pay overtime and spread-of-hours wages, and failure to provide wage notices and statements under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and Articles 6 and 19 of the New York Labor Law ("NYLL").[1]  Plaintiffs also asserted claims for violation of the New York City Administrative Code (the "NYCAC") § 20-929. (Am. Compl;

---

[1] On February 28, 2020, Plaintiffs dismissed all claims against Dima Canales and Dima C. Fence, Inc. with prejudice. (*See* Stipulation of Partial Discontinuance as to Defs. Dima Canales and Dima C. Fence, Inc., Docket Entry No. 63.)

Second Am. Compl. ("SAC") ¶¶ 106–142, Docket Entry No. 49.) Defendants Libqual Fence, Strianese, and Juarez moved for summary judgment and Plaintiffs opposed the motion.[2] On May 15, 2020, the Court referred the motion to Magistrate Judge A. Kathleen Tomlinson for a report and recommendation. (Order dated May 15, 2020.) By report and recommendation dated February 5, 2021, Judge Tomlinson recommended that the Court grant Defendants' motions for summary judgment and dismiss all claims against them (the "R&R). (R&R, Docket Entry No. 71.) Plaintiffs have not opposed the R&R.

For the reasons set forth below, the Court adopts the report and recommendation and grants Defendants' motion for summary judgment.

**I. Background**

As a preliminary matter, Judge Tomlinson noted the parties' failure to comply with Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York because (1) Plaintiffs and Defendants improperly mixed law and fact in their 56.1 statements and (2) Defendants failed to respond to additional material facts in Plaintiffs' 56.1 counterstatement of material facts. (R&R 2–5.) Judge Tomlinson decided, in her discretion, to overlook the parties' failure to comply with local court rules, conduct "an assiduous review of the record," and set forth what she considered to be the undisputed facts or facts uncontroverted by admissible evidence. (*Id.* at 4–6 (quoting *Chen v. Shanghai Café Deluxe, Inc.*, No. 17-CV-2536, 2019 WL 1447082, at *7 (S.D.N.Y. Mar. 8, 2019)).)

In the R&R, Judge Tomlinson recommended that the Court grant Defendants' motion for summary judgment on Plaintiffs' FLSA, NYLL, and NYCAC claims. (*Id.* at 39.) First, Judge

---

[2] (Defs.' Mot. for Summ. J. ("Defs.' Mot."), Docket Entry No. 65; Defs.' Mem. in Supp. of Defs.' Mot. ("Defs.' Mem."), Docket Entry No. 69; Pls.' Opp'n to Def.'s Mot. ("Pls.' Opp'n"), Docket Entry No. 67.)

2

Tomlinson found that Defendants were entitled to summary judgment on Plaintiffs' FLSA claims because, applying two of the three tests set forth by the Second Circuit to determine whether a person or entity is an employer, including a joint employer, Defendants did not qualify under either. (*Id.* at 16.) Under the formal control test set forth in *Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 2008), Judge Tomlinson found that, drawing all factual inferences in favor of Plaintiffs, the four *Carter* factors weighed against joint employment because (1) Plaintiffs do not point to any evidence that Defendants had the power to hire or fire Dima Fence employees, (2) it is undisputed that Plaintiffs never had conversations with Defendants as to their day-to-day work schedules or conditions of employment, (3) the evidence establishes that Defendants were not involved in the determination of Plaintiffs' rate and method of payment and Plaintiffs' rates differed from Defendants' employees' rates, and (4) Plaintiffs do not point to any evidence in the record which supports a finding that Defendants maintained Plaintiffs' employment records. (*Id.* at 21–28.) Under the functional control test set forth in *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 72 (2d Cir. 2003), Judge Tomlinson found just one of the six factors — whether Plaintiffs worked exclusively or predominantly for the putative employer — weighed in favor of joint employment because it is undisputed that Plaintiffs' work was ultimately done for Defendants. (*Id.* at 36.) Three of the six *Zheng* factors — the extent to which Plaintiffs performed a discrete line job that was integral to the putative employer's process of production, "whether responsibility under the contracts could pass from one subcontractor to another without material changes," and the degree and control of supervision over the putative employees — weighed against joint employment, and two of the factors — whether Plaintiffs used the putative employers' premises and equipment and whether Dima Fence had a business that could shift as a unit — were inconclusive. (*Id.* at 28–35 (quoting *Zheng*, 355 F.3d at 74).)

Because the "weight of the evidence does not favor a finding of joint employment," especially the "[m]ost important[]" fifth favor factor regarding degree of control and supervision over Plaintiffs, Judge Tomlinson found that Defendants did not functionally control Dima Fence's employees. (*Id.* at 37–38 (first alteration in original) (quoting *Vasto v. Credico (USA) LLC*, No. 15-CV-9298, 2017 WL 4877424 (S.D.N.Y. Oct. 27, 2017)).) Accordingly, because "Defendants neither formally nor functionally controlled Dima Fence's employees, including Plaintiffs," Judge Tomlinson found that no reasonable jury could find that Defendants were joint employers under the FLSA. (*Id.* at 38.) In addition, because Second Circuit courts evaluate joint employment under the NYLL under the same standards as the FLSA, Judge Tomlinson found that Defendants were also entitled to summary judgment on Plaintiffs' NYLL claims. (*Id.* at 21, 38.)

Judge Tomlinson also found that Defendants were entitled to summary judgment on Plaintiffs' NYCAC claim because none of the Plaintiffs were "freelance workers" to which the provision of the NYCAC would apply, and, even if they were freelance workers, the hiring party under the circumstances would be Dima Fence, not Defendants. (*Id.* at 38–39.)

No party has objected to the R&R and the time for doing so has passed.

## II. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also*

4

*Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

### III. Conclusion

Accordingly, the Court adopts the R&R, grants Defendants' motion for summary judgment, and dismisses the SAC as against Defendants Libqual Fence, Strianese, and Juarez. The Clerk of Court is respectfully directed to close this case.

Dated: February 23, 2021
      Brooklyn, New York

                                      SO ORDERED:

                                          s/ MKB
                                      MARGO K. BRODIE
                                      United States District Judge